# THE JOSEPH LAY CO. *v.* INDIANAPOLIS BRUSH & BROOM MANUFACTURING COMPANY.

TRADEMARK; REGISTRATION; RES JUDICATA.

One who, after his application for the registration of a red band as a technical trademark, had been twice refused, canceled his application and filed an amended application based upon the ten-year clause, upon which favorable action was taken by the Patent Office, is estopped in a subsequent proceeding to cancel the registration of a rival's mark, from treating his own registration as that of a technical mark. (Citing *Durham* v. *Seymour*, 6 App. D. C. 78; *United States ex rel. Bronson* v. *Duell*, 17 App. D. C. 471; *Blackford* v. *Wilder*, 28 App. D. C. 535; *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464; *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337; *Bluthenthal & Bickart* v. *Bigbie Bros. & Co.* 33 App. D. C. 209.)

No. 829.   Patent Appeals. Submitted January 15, 1913.   Decided February 3, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, sustaining a petition for the cancelation of a trademark registration.                                          *Affirmed.*

The facts are stated in the opinion.

*Mr. James L. Steuart* and *Mr. John E. Cross* for the appellant.

*Mr. V. H. Lockwood* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents sustaining a petition of the Indianapolis Brush & Broom Manufacturing Company, appellee, for the cancelation

of a trademark registration by the Joseph Lay Company, appellant.

The appellant corporation has long been a manufacturer of brooms, as has the appellee. In March, 1910, it filed an application in the Patent Office, seeking the registration of a red band applied to the extreme upper end of the body portion of a broom as a technical trademark. This application was promptly denied upon the ground that it consisted merely of a red band, and was therefore not registerable as a technical trademark. To this action appellant responded, insisting that it was "entitled to the registration of the red band shown in the drawings accompanying this application as a technical trademark." The Patent Office, however, adhered to its former decision, the opinion concluding as follows: "It is believed that the mark disclosed is not registerable as a technical trademark, and registration is accordingly again refused." Appellant acquiesced in this decision, *canceled its declaration,* and filed a new declaration alleging exclusive use of the mark for ten years next preceding the passage of the act of February 20, 1905. Upon this amended petition favorable action was taken by the Patent Office, whereupon the petition of appellee for cancelation was filed.

Appellant now concedes what it must have known when it filed its amended application, namely, that appellee was using this identical mark during said ten-year period, such use commencing as early as 1900, when a patent infringement suit was prosecuted by the appellant against the appellee, which resulted favorably to the latter company. The fact of such use of the mark during the ten-year period by the appellee of course disentitled appellant to registration under the ten-year clause. Appellant, however, advances the proposition that, notwithstanding its original application was denied by the Patent Office upon the ground that the mark is not technical, in which denial it acquiesced, it may now treat the registration subsequently obtained under an averment of ten years' exclusive use as that of a technical mark. This proposition is manifestly unsound.

While, as we have many times suggested, the purpose and effect of the trademark act is not finally to determine the right of property in the trademark registered, but rather to furnish prima facie proof of such right, the functions of the Patent Office tribunals in passing upon applications are not merely ministerial, but quasi judicial. *United States ex rel. Bronson Co.* v. *Duell,* 17 App. D. C. 471, 473. It is settled that the doctrine of *res judicata* applies to proceedings in the Patent Office in the same manner as in the courts. *Bluthenthal & Bickart* v. *Bigbie Bros. & Co.* 33 App. D. C. 209; *Blackford* v. *Wilder,* 28 App. D. C. 535; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464. In this case appellant is not proceeding against the appellee as an infringer of its mark, but is seeking to sustain a registration obtained in the Patent Office, and this proceeding involves that registration. In *Durham* v. *Seymour,* 6 App. D. C. 78, 89, 90, which was a suit in equity against the Commissioner of Patents by a party whose application for patent had been rejected by the Commissioner, to compel the issuance of the patent, the petitioner, while prosecuting his application in the Patent Office, acquiesced in objections of the examiners, and repeatedly amended his claims, so that when final action was had in the Patent Office three claims only remained. It was his contention in the equity proceeding that he was not concluded by his action in the Patent Office. The court, however, rejected this contention, saying: "He had his election to stand by his specifications and claims, and to demand a decision thereon as presented, with the right to appeal therefrom, if adverse, to the court directly, as provided in § 4911, U. S. Rev. Stat., and indirectly through bill in equity under § 4915, U. S. Comp. Stat. 1901, p. 3392, or to amend his application, alter his specifications, and abandon any part or parts of his claims based thereon. . . . Having elected to amend again and again, and finally to stand upon the three claims which were rejected, we think the abandonment of all else is as complete as if he had succeeded and received his patent thereon." By analogy, the reasoning in that case is applicable to the present. Here the

appellant sought the registration of a red band as a technical trademark. This application being twice refused, it was abandoned and an amended application based upon the ten-year clause was filed, and that application is the one before us. Clearly appellant is now estopped to urge that the registration was other than under the ten-year clause. Had its original application contained averments sufficient to warrant registration either as a technical trademark or under the ten-year clause, and the decision of the Commissioner had been general, we would have considered the registration in a light most favorable to appellant. *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337. But here the Commissioner has left no room for conjecture, nor has the appellant. It is unnecessary, therefore, to determine whether appellant's mark may be sustained as a technical trademark, since that question is not before us.

The decision is affirmed.                    *Affirmed.*

Mr. Justice BARNARD, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL.